## Lumbermens Merchandising Corporation v. Insurance Company of North America

716

*Norman R. Bradley* and *Allen S. Olmsted*, for plaintiff.

*Richard W. Hopkins* and *John F. Cramp*, for defendants.

LIPPINCOTT, J., February 5, 1968.—Motions have been filed by plaintiff for sanctions based upon defendants' refusals to answer certain written interrogatories and requests for admissions. A brief review of the background of the controverted claim is essential in order to dispose of the motions.

Plaintiff owns a commercial building damaged during a severe snowstorm on December 24, 1966. Ten insurance policies issued by defendants were in effect covering loss by windstorm, but not from accumulation of snow. From depositions taken in the matter, it appears that the loss was investigated immediately after its occurrence by the claims manager of the brokerage firm negotiating the insurance policies, as well as by plaintiff and independent adjusting agencies representing the defendant insurance companies.

While the investigations by defendants' agents and adjusters undoubtedly were routine in nature to some extent, it appears that it was immediately recognized by both plaintiff and defendants that a determination of liability under the policies would be a substantial issue. Defendants' adjuster testified that he recognized that the loss was "in question from the very moment [he] saw it".

As a result, shortly after the loss occurred, plaintiff and defendants' adjuster began to fortify their files with data respecting causation. Both sides had photographs taken, engaged engineers and architects, and obtained expert opinions with respect to wind velocities. The evidence indicates that these were unusual procedures, not commonly employed in ordinary insurance claims.

Following the institution of suit on the policies and joinder, plaintiff filed the subject written interrogatories and requests for admissions seeking information allegedly obtained by defendants as a result of their investigation of the claim. Defendants have answered

some of the interrogatories and requests, but refuse to answer others, for reasons which will be stated hereinafter. As a result of defendants' refusals, plaintiff's motions for sanctions are before the court for disposition.

Plaintiff contends that reports received by defendants from their adjusters and agents may be discovered if received prior to defendants' final decision to deny the claim. On the other hand, defendants contend that since the cause of the loss was questionable from the outset, all information received from its own investigation should be excluded, on the ground that it is protected under Pennsylvania Rules of Civil Procedure 4011(d) as being obtained in anticipation of litigation. Defendants also rely in some instances upon Pa. R. C. P. 4011(c) (privileged matter) and (f) (requiring expert opinion).

The problem is not without difficulty. See Holowis v. Philadelphia Electric Company, 38 D. & C. 2d 260. Normally, a memorandum or report made shortly after the cause of action arose is persuasive as being made in preparation for, and in anticipation of, litigation: Parry v. City of Wilkes-Barre, 48 Luz. 145. On the other hand, this is not necessarily the criterion in determining whether or not the report was obtained in preparation for litigation: Hirsch v. City of Philadelphia, 17 D. & C. 2d 461. As was stated in 5A Anderson Pa. Civ. Pract. §4011.147, page 111:

"The exact scope of the prohibition of Rule 4011(d) cannot be stated dogmatically because of the difficulty in placing precise boundaries on the concept of matter 'made or secured . . . in anticipation of litigation.' 'Anticipation of litigation' is obviously a broad concept".

While the depositions, interrogatories and requests seek to solicit information concerning the exact date a decision was made to deny liability by defendants, we

do not regard this as crucial with respect to the issues now presented. The correct test appears to be whether the information was routinely obtained. See, for example, 5A Anderson Pa. Civ. Pract. §4011.175, pages 138, 139, wherein it is stated, citing cases:

"The mere fact that information is obtained after the occurrence of an event is necessarily not the criterion for determining whether it was obtained in preparation for litigation. That is to say, in determining the discoverability of records and information, the fact that the information was or was not obtained prior to the incident in controversy is not controlling: it is whether the inquiry for the information was a routine examination as opposed to one specifically designed in anticipation of litigation. Hence the mere fact that an examination is made after the harm-causing event has occurred does not establish that it is made in anticipation of or preparation for litigation and it will be so held when from its routine character it is apparent that it was not made for the purpose of litigation".

While it is, of course, difficult to determine whether information has been routinely obtained without examining each item sought, certain interrogatories clearly request data not routine in nature. In addition, other inquiries appear to invade privileged areas or necessitate the disclosure of expert opinions.

Interrogatories 10-13 request information concerning drawings of the building apparently made by defendants' architect/engineer, engaged the first day their adjuster examined the scene. Since the depositions indicate that the retention of such an expert in the adjustment of a windstorm or fire loss is unusual and not routine, we believe that the drawings were prepared in anticipation of potential litigation and should be excluded. A further reason is that the opinion of an expert is sought, presumably over his objec-

tion, by counsel, which is prohibited by Pa. R. C. P. 4011 (f).

Interrogatories 15-18 request information concerning an appraisal made on behalf of defendants, giving the "actual cash value or the amount of the loss". This is likewise a matter of judgment and expertise. Regardless of whether or not this was obtained as work product in anticipation of litigation, it is prohibited as expert opinion for the reason set forth aforesaid.

Interrogatory 20 seeks information concerning reports of plaintiff's claim by defendants' adjusters and agents made prior to the commencement of litigation. (While information contained in said reports is not specifically requested, we assume this is an oversight and will face the issue on its merits.) Objection has been made to such reports on the grounds that they would disclose the existence of data obtained in anticipation of litigation and would elicit expert opinions.

We feel that the interrogatory is too broad as put. However, merely because routine information is incorporated into a report to be used in connection with litigation does not make such facts immune from discovery: Hindermyer v. Harrisburg Glass, Inc. (No. 2), 82 Dauph. 55; Witlin v. The Pennsylvania Railroad Co., 18 D. & C. 2d 176. We, therefore, hold that information in such reports, and other purely routine memoranda or correspondence from adjusters or agents, must be disclosed if obtained by defendants' adjusters in the ordinary course of the investigation and if the reports do not divulge expert opinions. Since such reports are not before the court, it is possible that each will have to be independently reviewed by a judge to determine what portions thereof should be excluded.

Interrogatories 21-24 request information concerning the names of witnesses, if any, obtained by de-

fendants in conducting a "scene search" in the vicinity of the damaged property. While the form of these interrogatories may leave something to be desired, we feel that such an investigation is normal and routine in nature and is a legitimate subject of inquiry by plaintiff. We will accordingly direct that the names and addresses of all such witnesses be furnished.

Interrogatories 25(b)-29 request information derived from meteorologists consulted by defendants and data developed by such experts concerning wind velocities. Such information obviously seeks either expert opinions or comparisons. Such is prohibited by Pa. R. C. P. 4011(f).

With respect to plaintiff's requests for admissions, as well as interrogatory 14, information is sought concerning the date of the decision by defendants to deny plaintiff's claim. Such information, being predicated upon advice by counsel in anticipation of litigation, is privileged, under Pa. R. C. P. 4011(c). The requests for admissions further seek an admission as to the authenticity of a letter (exhibit "C") written by defendants' counsel to his clients, which somehow came into possession of plaintiff. Such correspondence is privileged and waiver thereof has not been shown.

Accordingly, we enter the following:

## ORDER

Now, February 5, 1968, upon consideration of plaintiff's motions for sanctions, following argument before the court en banc and upon consideration of briefs, it is ordered and decreed that:

1. Plaintiff's motion for sanctions for refusals to answer interrogatories nos. 10 to 19 and 25(b) to 29 is hereby denied.

2. Within 20 days from receipt of a copy of this order, defendant shall:

722

(a) disclose to plaintiff information sought in interrogatory 20 in accordance with, and as modified by, this opinion; and

(b) file verified answers to plaintiff's interrogatories nos. 21, 22, 23 and 24.

3. Plaintiff's motion for sanctions for refusals to answer certain requests for admissions is denied, and defendants' objections to nos. 1, 2, 3, 5, 7, 8 and 10 are sustained.